[Cite as *State v. Paxson*, 2024-Ohio-2680.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TYLER L. PAXSON,

    DEFENDANT-APPELLANT.

CASE NO. 15-23-10

O P I N I O N

**Appeal from Van Wert County Common Pleas Court**
**Trial Court No. CR-23-05-060**

**Judgment Affirmed**

**Date of Decision:  July 15, 2024**

APPEARANCES:

    *Catherine Meehan* **for Appellant**

    *Morgan A. Jackson* **and** *Dillon Staas* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Tyler Paxson ("Paxson") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County sentencing him to an aggregate prison term of 8 to 12 years. On appeal Paxson challenges the sentence imposed by the trial court. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 5, 2023, police were dispatched to a home after receiving a report that someone was breaking into the home. When the officers arrived, they saw the door broken, so they entered the home. A male, later identified as Paxson, was seen in the home with blood on his hands. The officer heard a woman crying and went into the front room. Another male was clutching his head with blood coming from it. The woman told the police that Paxson was the one who had broken into the home. The male victim identified Paxson as the person who struck him in the head with a metal pipe. Paxson was immediately taken into custody.

{¶3} On September 11, 2023, Paxson entered a guilty plea to one count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a felony of the second degree, and one count of trespass in a habitation when a person is present or likely to be present in violation of R.C. 2911.12(B), (E), a felony of the fourth degree. The plea was entered as part of a plea agreement in which Paxson agreed to plead guilty to those counts and in exchange, the State would dismiss the

remaining charges and recommend concurrent sentences. The trial court accepted the guilty plea and set the matter for sentencing.

{¶4} On October 25, 2023, the trial court held a sentencing hearing. Prior to the hearing the trial court reviewed the presentence investigation report which showed an extensive history of criminal offenses by Paxson. At the time of this offense, Paxson was on post release control after being released from prison earlier in the year. The trial court ordered that Paxson serve a prison term of 8-12 years for the felonious assault conviction and 18 months for the trespass in a habitation when a person is present conviction. The sentences were ordered to be served concurrently. Following the sentencing hearing, the State dismissed the remaining charges. Paxson appealed from the judgment of the trial court and on appeal raises the following assignment of error.

> **The trial court erred when it imposed the longest minimum prison term for the offense of the highest degree for two offenses that arose out of a single incident.**

{¶5} In the sole assignment of error, Paxson claims that the trial court erred by imposing the longest minimum prison sentences because the two sentences arose out of a single incident. Initially this Court notes that the two offenses in this case are not allied offenses subject to merger and no one argues differently. Instead, Paxson appears to argue that the trial court should have imposed community control instead of prison, because the record does not support the imposition of prison.

{¶6} The two convictions in this case were felonies of the second degree and the fourth degree. For a felony of the second degree, the range of sentences is 2-8 years. R.C. 2929.14(B)(2)(a). For a felony of the fourth degree, the range of sentences is 6-18 months. R.C. 2929.14(B)(4). Felonies of the second degree carry a presumption in favor of prison. R.C. 2929.19(B). A trial court can only overcome this presumption and impose community control instead of prison if it makes two findings. R.C. 2929.13(D)(2). First, the trial court must find that community control would adequately punish the offender and protect the public because the chance of recidivism is low. R.C. 2929.13(D)(2)(a). Second, the trial court must find that imposing community control would not demean the seriousness of the offense because the offense was less serious than conduct normally constituting the offense. R.C. 2929.13(D)(2)(b). Both of these findings require the trial court to make the findings pursuant to R.C. 2929.12.

{¶7} Here, the trial court indicated on the record that it had considered the presentence investigation report and the factors set forth in R.C. 2929.11 and 2929.12. The Supreme Court of Ohio has held that appellate courts do not have the authority to consider how the trial court applied the statutory factors in R.C. 2929.11 and 2929.12. *State v. Jones*, 2020-Ohio-6729. According to the Court, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id*. at ¶ 39. "A sentence imposed within the

statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Lane*, 2022-Ohio-3775, ¶ 85 (3d Dist.).

{¶8} Paxson argues on appeal that this case is distinguishable from *Jones* because Paxson received a maximum sentence on the convictions, giving him a right to appeal under R.C. 2953.08. In order for there to be a meaningful appeal of the maximum sentence imposed, Paxson claims that this court must consider the statutory factors set forth in R.C. 2929.12 and the principles and purposes of sentencing set forth in R.C. 2929.11. Without this review, Paxson claims he is denied the appeal granted to him by statute. However, Paxson points us to no legal precedent which would support this position. While this Court may understand the frustration of defendants at the lack of authority for appellate courts to fully review their sentences, we must follow the precedent set forth by the Supreme Court of Ohio in *Jones*.

{¶9} Paxson is arguing that the trial court erred in applying the factors because it imposed a prison term rather than giving him community control with a sanction requiring he participate in a drug treatment program. This Court, pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. The sentences imposed were

within the statutory ranges. As such, they were not contrary to law. *State v. Skaggs*, 2023-Ohio-2199 (3d Dist.). Since the sentence was not contrary to law, the assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**