[Cite as *State v. Wedel*, 2024-Ohio-5157.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

WILLIAM MATTHEW WEDEL, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-20

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 23-CR-0169

**Judgment Affirmed**

**Date of Decision:  October 28, 2024**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Melissa A. Chase* **and** *Raymond Kelly Hamilton* **for Appellee**

**WILLAMOWSKI, P.J.**

**{¶1}** Defendant-appellant William Matthew Wedel ("Wedel") brings this appeal from the judgment of the Court of Common Pleas of Union County finding him guilty of felonious assault and sentencing him to a prison term of eight to twelve years. Wedel claims on appeal that the trial court erred by imposing the maximum sentence. For the reasons set forth below, the judgment is affirmed.

**{¶2}** On July 21, 2023, the Union County Grand Jury indicted Wedel on two counts of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a felony of the second degree. The victim in this case was a 3 year old child who had suffered a broken left arm. The victim informed the forensic interviewer that Wedel had "smacked his arm on mom's table and it hurt bad." Medical reports showed multiple healing fractures. Pursuant to a plea agreement, Wedel agreed to change his plea to guilty and the State agreed to dismiss one of the counts of the indictment. There was no agreement as to the sentence. Before the trial court accepted the plea, Wedel was informed that he could receive a prison term with a maximum sentence of 12 years. Additionally, the State read a statement of facts indicating the injuries suffered by the victim and Wedel agreed with the statement of facts. The trial court accepted the change of plea, ordered a pre-sentence investigation ("PSI"), and set sentencing for a later date.

{¶3} On January 25, 2024, the trial court held a sentencing hearing. The trial court noted that it had considered the statements of the State and Wedel, the PSI, the statutory factors, and the purposes and principles of sentencing. The PSI included the medical records of the victim showing multiple healing fractures. The PSI also noted that the victim indicated that Wedel had "smacked his arm on mom's table, and it hurt bad." PSI at 4. The victim also stated that when Wedel was mad at the victim, Wedel "hurts me, and he whips me". PSI at 5. The trial court then imposed the maximum minimum sentence of eight years with a four year tail for an aggregate prison sentence of eight to twelve years. Wedel appealed from this judgment and raises the following sentence on appeal.

**The trial court erred when it sentenced appellant to a maximum sentence on the single count of felonious assault.**

{¶4} The sole assignment of error is that the trial court erred in imposing a maximum sentence. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not

contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

**{¶5}** Wedel claims on appeal that the trial court erred in imposing the maximum sentence. In support of this argument, Wedel argues that the trial court failed to properly consider the statutory factors of R.C. 2929.12 and considered the dismissed charge when imposing a sentence. A review of the record shows that the trial court specifically addressed the R.C. 2929.12 statutory factors at the sentencing hearing and in its journal entry. The trial court also considered the purposes and principles of sentencing as set forth in R.C. 2929.11. The range of minimum prison terms for a felony of the second degree allows for an eight year minimum with a tail of four years for a maximum sentence of twelve years. R.C. 2929.14(A)(2) and R.C. 2929.144. Since the proper considerations were made and the sentence imposed was within the statutory range, the sentence is not contrary to law.

**{¶6}** Wedel also claims that the sentence was improper because the trial court considered the other injuries suffered by the victim when there was a possibility that Wedel did not inflict those injuries. Wedel maintains that the application of this consideration to the statutory factors set forth in R.C. 2929.12 makes the sentence contrary to law because it is not included in the list of statutory factors. However, the statute specifically provides that the trial court shall consider all relevant factors

-4-

not included in the list when determining the seriousness and likelihood of recidivism. R.C. 2929.12(B), (C), (D), and (E). Additionally, the trial court may consider conduct supporting charges which have been dismissed as part of a plea agreement when determining an appropriate sentence. *State v. Lanning*, 2020-Ohio-2863, ¶ 17 (6th Dist.). "This Court, pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 9 (3d Dist.). As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The assignment of error is overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**