[Cite as *State v. Bigler*, 2025-Ohio-887.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      **PLAINTIFF-APPELLEE,**

  v.

MARIE NICOLE BIGLER,

      **DEFENDANT-APPELLANT.**

CASE NO. 9-24-29

O P I N I O N

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 23-CR-460

**Judgment Affirmed**

**Date of Decision:  March 17, 2025**

**APPEARANCES:**

    *W. Joseph Edwards* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Marie Bigler ("Bigler") brings this appeal from the judgment of the Court of Common Pleas of Marion County sentencing her to maximum, consecutive sentences in two different cases. On appeal Bigler claims that the trial court erred by sentencing her to the maximum sentences in both cases instead of a lesser sentence. For the reasons set forth below, the judgment is affirmed.

{¶2} This Court first notes that Bigler argues the sentence imposed in trial court case number 23 CR 398 should not have been a maximum sentence. However, no notice of appeal was filed in that case and that sentence is not subject to our review. Thus, we review only the sentence imposed in trial court case number 23 CR 460.

{¶3} On May 6, Bigler entered pleas of guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(B)(1), a felony of the first degree and one count of possession of cocaine in violation of 2925.11(A), (C)(4)(c), a felony of the third degree. In exchange for the guilty plea, the State dismissed four other felonies of the first degree. The trial court conducted a sentencing hearing on May 31, 2024. The trial court imposed a prison sentence of 11-16.5 years for the first degree felony and 36 months for the third degree felony. Both of these sentences are maximum sentences. R.C. 2929.14(A)(1)(b), (A)(3)(b). The trial

court ordered that the sentences should be served consecutive to each other as well as consecutive to the sentence imposed in case number 23 CR 398 for an aggregate prison term of 15-20.5 years. Bigler appeals from this judgment and raises one assignment of error.

**The trial court erred when it sentenced [Bigler] to the maximum prison sentence for both cases instead of a lesser sentence.**

{¶4} Bigler's sole assignment of error claims that the trial court erred by imposing the maximum sentence. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

{¶5} Bigler does not argue that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 or the sentencing

factors set forth in R.C. 2929.12. A review of the record shows that the trial court did consider all it was required to consider. Instead, Bigler disagrees with the conclusions the trial court reached when imposing the sentence. "This Court, pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Paxson*, at ¶ 9. As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The assignment of error is overruled.

{¶6} Having found no errors prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**