[Cite as *State v. Storer*, 2025-Ohio-1214.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MATTHEW SCOTT STORER,

    DEFENDANT-APPELLANT.

CASE NO. 2-24-07

**O P I N I O N**

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MATTHEW SCOTT STORER,

    DEFENDANT-APPELLANT.

CASE NO. 2-24-08

**O P I N I O N**

**Appeals from Auglaize County Common Pleas Court**
**Trial Court Nos. 2024-CR-53 and 2024-CR-94**

**Judgments Affirmed**

**Date of Decision:  April 7, 2025**

**APPEARANCES:**

    *Nicholas A. Catania* **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Matthew Storer ("Storer") brings these appeals from the judgment of the Court of Common Pleas of Auglaize County sentencing him to maximum consecutive sentences. Storer challenges the imposition of the sentences on appeal. For the reasons set forth below, the judgments are affirmed.

{¶2} On May 30, 2024, the Auglaize County Grand Jury indicted Storer on two counts of sexual battery (Counts 1 and 2) and three counts of unlawful sexual conduct with a minor (Counts 3, 4, and 5) – all felonies of the third degree. The assigned case number was 2024 CR 0053. Storer entered pleas of not guilty. On August 2, 2024, Storer entered into a plea agreement with the State. Storer agreed to enter guilty pleas to Counts 1, 3, and 4. In exchange the State agreed to dismiss Counts 2 and 5 and to recommend that Storer be sentenced to 24 months on each count to be served consecutively for an aggregate sentence of 72 months (6 years). The trial court held a hearing and accepted the guilty pleas to Counts 1, 3, and 4, dismissed Counts 2 and 5, and set the matter for sentencing at a later date.

{¶3} On September 4, 2024, The State filed a bill of information in case number 2024 CR 0094 alleging that Storer had committed two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(3), felonies of the third degree. Storer waived the right to an indictment and consented to prosecution by information. Pursuant to a plea agreement, Storer agreed to enter pleas of guilty and the State agreed to recommend a sentence of 2 years for each count. The State

also agreed to remain silent as to whether the sentences should be served consecutively or concurrently. On September 5, 2024, the trial court held a hearing and accepted the guilty pleas of Storer to the charges in the bill of information.

{¶4} The trial court held a sentencing hearing for both cases on October 3, 2024. At that time, the trial court imposed a sentence of 60 months on each count and ordered that all sentences be served consecutively for an aggregate prison term of 180 months (15 years) in case number 2024 CR 53. In case number 2024 CR 94, the trial court imposed prison terms of 60 months on each count and ordered them to served consecutively to each other. The trial court also ordered that the sentence in case number 2024 CR 94 be served consecutive to that imposed in case number 2024 CR 53 for an aggregate prison term of 300 months (25 years). Storer appeals from these judgments and raises the following assignments of error on appeal.

### First Assignment of Error

**The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in [R.C. 2929.14] resulting in [Storer] receiving a sentence which is contrary to law.**

### Second Assignment of Error

**The trial court erred by issuing a consecutive sentencing judgment on the bill of information charges that differed from the consecutive sentence factors pronounced at the hearing.**

*Sentencing Criteria*

**{¶5}** Storer argues in his first assignment of error that the trial court improperly applied the sentencing factors set forth in R.C. 2929.12 and failed to properly consider the purposes and principles of sentencing set forth in R.C. 2929.11. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

**{¶6}** Storer does not argue that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 or the sentencing factors set forth in R.C. 2929.12. A review of the record shows that the trial court did consider all it was required to consider. Instead, Storer disagrees with the conclusions the trial court reached when imposing the sentence. "This Court,

pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 9 (3d Dist.). The sentence imposed on each count was within the statutory range and the trial court did consider the purposes and principles of felony sentencing as required by R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The assignment of error is overruled.

*Consecutive Sentences*

**{¶7}** Storer claims in his second assignment of error that the trial court erred in imposing consecutive sentences. Before a trial court can impose consecutive sentences, it must make certain findings.

> 4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of

the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C). In making these findings, the trial court is not required to use the exact words of the statute as long as the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. An appellate court may only modify consecutive sentences if the record clearly and convincingly does not support the trial court's findings. *State v. Gwynne*, 2023-Ohio-3851, ¶ 13. "[A]n appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce or otherwise modify consecutive sentences." *Id*. at ¶ 15.

**{¶8}** Storer argues in his brief that the findings of the trial court in its judgment entry differ from those stated at the hearing. At the hearing, the trial court made the following findings regarding consecutive sentences.

The Court finds that these multiple offenses were committed as part of a course of conduct, and the harm caused by these multiple offenses was so great and unusual that no single prison term for any of the offenses committed as a part of the courses of conduct adequately

reflects the seriousness of his conduct. The Court noting his prior offense of violence as a juvenile, and his other offenses as an adult demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The Court finds that consecutive service is necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

Tr. 15-16. The trial court later stated that Storer's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Tr. 18. These findings, which were stated at the hearing, were reiterated in the sentencing judgment entries.

{¶9} In his brief, Storer disagrees that the trial court's findings support the conclusion that consecutive sentences are appropriate. A review of the record shows that the trial court's findings are supported by the record. At the August 2, 2024 change of plea hearing, Storer admitted to engaging in sexual conduct with multiple minors (ages 17, 14, and 13). These acts occurred over the span of five years. At the plea hearing for the bill of information, Storer pled guilty to engaging in sexual conduct with two additional victims, both age 14 at the time. The presentence investigation indicated that Storer had a history of delinquent adjudications as a juvenile and a history of misdemeanor offenses as an adult. Since the findings are supported by the record, "[the record] does not overwhelmingly support a contrary result concerning the imposition of consecutive sentences." *Gwynne* at ¶ 18. The second assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Auglaize County are affirmed.

***Judgments Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**