[Cite as *State v. Gochenour*, 2025-Ohio-4414.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,                            CASE NO. 14-25-07

      PLAINTIFF-APPELLEE,

   v.

HEATHER RENEE GOCHENOUER,        **OPINION AND**
                                           **JUDGMENT ENTRY**

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 23-CR-0271

Judgment Affirmed

Date of Decision: September 22, 2025

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Heather Gochenouer ("Gochenouer") brings this appeal from the judgment of the Court of Common Pleas of Union County finding her guilty of two offenses and sentencing her to an aggregate prison term of seven to ten and a half years. Gochenouer claims on appeal that 1) the trial court failed to properly consider the sentencing factors when imposing the sentence and 2) that she was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

**{¶2}** On December 16, 2024, Gochenouer entered a guilty plea to one count of corrupting another with drugs in violation of R.C. 2925.02(A)(3), (C)(1), a felony of the second degree and one count of trafficking in a fentanyl related compound in violation of R.C. 2925.03(A)(1), (C)(9)(a), a felony of the fifth degree. The trial court held a sentencing hearing on December 31, 2024. At the hearing, the trial court indicated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. The trial court then set forth the factors in found to be applicable. The trial court imposed an indefinite sentence of seven to ten and one-half years in prison for the corrupting another with drugs conviction and a definite sentence of twelve months in prison for the trafficking in a fentanyl related compound conviction with the sentences to be served concurrently. The statements of the court regarding the considerations

and the sentence were repeated in the judgment entry. Gochenouer appealed from that judgment and raised the following assignments of error on appeal.

> **The trial court erred when it failed to properly consider and weigh all the pertinent sentencing factors and therefore the sentence is contrary to law.**
>
> **Appellant was deprived effective assistance of counsel when counsel was not prepared to fully argue consistency-in-sentencing or the statutory sentencing factors.**

*Sentencing Considerations*

{¶3} Gochenouer claims in the first assignment of error that the trial court erred by not properly considering the purposes and principles of sentencing as set forth in R.C. 2929.11 and the statutory sentencing factors set forth in R.C. 2929.12. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C.

2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

{¶4} A review of the record in this case shows that the trial court stated that it had considered the purposes and principles of sentencing both at the hearing and in the journal entry. Additionally, the trial court specifically discussed the statutory sentencing factors it found to be applicable both at the hearing and in the journal entry. The range of minimum prison terms for a felony of the second degree allows for a seven year minimum with a tail of three and one-half years for a maximum sentence of ten and one-half years. R.C. 2929.14(A)(2) and R.C. 2929.144. Similarly, the range of prison terms for a felony of the fifth degree allows for a twelve month prison term. Thus, the sentences imposed for both convictions were within the statutory ranges. Gochenouer does not dispute that the trial court did consider the statutory factors and the purposes and principles of sentencing. Instead, she argues that the trial court erred in reaching the conclusions it did. "This Court, pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Paxson*, at ¶ 9. As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The first assignment of error is overruled.

*Ineffective Assistance of Counsel*

**{¶5}** Gochenouer claims in her second assignment of error that she was denied the effective assistance of counsel because counsel did not argue the sentencing factors or consistency in sentencing at the sentencing hearing.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . . When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 at page 289 (internal citations omitted). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or

unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

{¶6} In support of her argument, Gochenouer claims that counsel failed by 1) not arguing consistency in sentencing because she believes she would have received a lesser sentence in Franklin County and 2) not arguing that the trial court should find that the victim's actions facilitated the offense (i.e. he asked for and voluntarily took the fentanyl that resulted in his death). Although Gochenouer argues that had counsel made these arguments, the result may have been different, this does not rise to the level of a reasonably probability that the results would be different. As discussed above, the trial court considered the statutory factors pursuant to the R.C. 2929.12 and the purposes and principles of sentencing pursuant to R.C. 2929.11. As one of the factors was the role of the victim in facilitating the crime (R.C. 2929.12(C)(1)), the trial court indicated that it had considered it even though a specific finding was not made in the sentencing entry. Likewise, the trial court indicated it had considered the purposes of sentencing, which requires the trial court to impose a sentence "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Having considered these things, there is not a reasonable probability that the trial court would have reached a different conclusion if counsel argued these points.

{¶7} Gochenouer also argues that counsel was ineffective for not raising the letter which Gochenouer's mother wrote and sent directly to the court. However

Gochenouer admits that it is not known if counsel even knew the letter existed at the time of the sentencing hearing. Counsel cannot be expected to argue something that is unknown to them at the time of the argument. Thus counsel did not violate an essential duty by not addressing the letter the mother sent to the court. The second assignment of error is overruled.

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

***Judgment affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 14-25-07

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

                                         John R. Willamowski, Judge

                                         Juergen A. Waldick, Judge

                                         Mark C. Miller, Judge

DATED:
/hls