[Cite as *State v. Miller*, 2025-Ohio-5170.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TRISTEN GAGE MILLER,

    DEFENDANT-APPELLANT.

CASE NO. 2-25-05

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TRISTEN GAGE MILLER,

    DEFENDANT-APPELLANT.

CASE NO. 2-25-06

OPINION AND
JUDGMENT ENTRY

---

Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2024-CR-145 and 2025-CR-30

**Judgments Affirmed**

**Date of Decision:  November 17, 2025**

---

APPEARANCES:

    *Nicholas A. Catania* for Appellant

    *Laia Zink* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tristen Miller ("Miller") brings this appeal from the judgments of the Court of Common Pleas of Auglaize County sentencing him to consecutive sentences. Miller challenges these sentences on appeal. For the reasons set forth below, the judgments are affirmed.

{¶2} On April 23, 2025, Miller entered a guilty plea, in case number 2024-CR-145, to two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), felonies of the third degree. Miller also entered a guilty plea, in case number 2025-CR-30, to one count of possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree. The trial court accepted the guilty pleas and ordered a pre-sentence investigation with sentencing to be at a later date. The sentencing hearing for both cases was held on June 24, 2025. In the 2024 case, the trial court ordered Miller to serve a prison term of 36 months for each count with the sentences to be served consecutive to each other. In the 2025 case, the trial court ordered Miller to serve a prison term of 36 months, to be served consecutive to the sentence imposed in the 2024 case.

{¶3} Miller appealed these sentences. Case number 2024-CR-145 was assigned appellate number 02-25-05. Case number 2025-CR-30 was assigned appellate number 02-25-06. On appeal, Miller raised the following assignment of error.

**The trial court's sentence of [Miller] to a sentence totaling 108 months, being the maximum definite prison term allowed for the three offenses constituted a clear and convincing violation of the law in failing to properly consider and apply the felony sentencing guidelines set forth in [R.C. 2929.11 and R.C. 2929.12].**

{¶4} In the sole assignment of error, Miller challenges the imposition of consecutive sentences, claiming that the trial court did not properly consider R.C. 2929.11 and R.C. 2929.12. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002[1]. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of

---

[1] *State v. Kalish*, 2008-Ohio-4912 as relied upon by Miller in his brief was abrogated by *State v. Marcum,* which clarified that the standard of review for criminal sentences on appeal was for the appellant to demonstrate that the sentence was clearly and convincingly contrary to law, as set forth in R.C. 2953.08. *State v. Jones* held that because R.C. 2929.11 and R.C. 2929.12 are not statutes specified in R.C. 2953.08, an appellate court has no authority under R.C. 2953.08 to modify or vacate a sentence based upon how a court applied the purposes of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

R.C. 2929.12 grants the sentencing court discretion to determine the most effective way to comply with the purposes of sentencing set forth in R.C. 2929.11 and requires the sentencing court, in exercising that discretion, to consider the factors set forth in divisions (B), (C), (D), (E), and (F) of R.C. 2929.12, which would seem to warrant the employment of an abuse of discretion standard regarding *how* R.C. 2929.11 and the factors of R.C. 2929.12 were applied. This was observed by the separate concurrence in *Kalish*, however, this has not been recognized by the Supreme Court of Ohio in its development of its case law on the matter, which we are obligated to follow.

felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

{¶5} Miller does not argue that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 or the sentencing factors set forth in R.C. 2929.12. A review of the record shows that the trial court did consider all it was required to consider. Instead, Miller disagrees with the conclusions the trial court reached when imposing the sentence. "This Court, pursuant to *Jones*, lacks the authority to review the record to consider how a trial court has applied the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 9 (3d Dist.). The sentence imposed on each count was within the statutory range and the trial court did consider the purposes and principles of felony sentencing as required by R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. Additionally, the trial court made the findings required by R.C. 2929.14(C)(4) allowing it to impose consecutive sentences. The findings were not clearly and convincingly erroneous as they were supported by the evidence. As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The assignment of error is overruled.

**{¶6}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Auglaize County are affirmed.

*Judgments Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

                                    John R. Willamowski, Judge

                                    William R. Zimmerman, Judge

                                    Mark C. Miller, Judge

DATED:
/hls