[Cite as *State v. Jones*, 2026-Ohio-302.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JONATHAN JONES,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-12

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0304

Judgment Affirmed

Date of Decision:  February 2, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *Daniel J. Stanley* for Appellee

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Jonathan W. Jones ("Jones") brings this appeal from the judgment of the Common Pleas Court of Crawford County convicting him on one count of gross sexual imposition and one count of tampering with evidence. Jones alleges on appeal that the verdicts were against the manifest weight of the evidence and that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

**{¶2}** On September 23, 2024, Elexis B. ("Mother") called the Crawford County Sheriff's Department and reported that "Jonathan Brooks" had sexually assaulted her five year old daughter. Deputies and a detective were dispatched to the scene and spoke with Mother and the victim. Deputy Eric Thomas ("Thomas") then accompanied Mother and the victim to the hospital for examination by a SANE nurse. Being unable to locate a Jonathan Brooks, a deputy made contact with the man alleged to be him via Facebook Messenger and claimed to be a young woman. The deputy arranged a meeting and Jones arrived at the meeting expecting to meet the young woman. Jones was taken into custody at that time.

**{¶3}** On October 8, 2024, the Crawford County Grand Jury indicted Jones on three counts: 1) Aggravated Burglary in violation of R.C. 2911.11(A)(1), (B), a felony of the first degree; 2) Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), (C)(2), a felony of the third degree; and 3) Tampering with Evidence

in violation of R.C. 2921.12(A)(1), (B), a felony of the third degree. Jones entered pleas of not guilty to the charges. A jury trial was held from April 30, 2025, to May 2, 2025. At the conclusion of the trial, the jury found Jones not guilty of aggravated burglary, but guilty of gross sexual imposition and tampering with evidence. The sentencing hearing was held on May 8, 2025. The trial court ordered Jones to serve 48 months in prison on the gross sexual imposition conviction and nine months in prison for tampering with evidence and ordered the sentences to be served consecutively for an aggregate prison term of 57 months. Jones appealed from this judgment and raised the following assignments of error on appeal.

## First Assignment of Error

**[Jones'] rights to the effective assistance of counsel under the state and federal constitutions were violated when counsel intentionally elicited highly prejudicial evidence.**

## Second Assignment of Error

**[Jones'] convictions are not supported by the weight of the evidence.**

For the purpose of clarity, we will be addressing the assignments of error out of order.

### *Manifest Weight of the Evidence*

{¶4} In the second assignment of error, Jones claims that his convictions were not supported by the weight of the evidence.

> When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record,

-3-

weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." . . . A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. . . . Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given.

*State v. Hulbert*, 2021-Ohio-2298, ¶ 23 (3d Dist.) (internal citations removed).

{¶5} Here, Jones was convicted of two counts – gross sexual imposition and tampering with evidence. To prove that Jones committed gross sexual imposition as charged in this case, the State was required to prove that Jones had sexual contact with a person less than thirteen years of age. R.C. 2907.05(A)(4). "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Mother testified that she walked out of her bedroom and observed Jones with one of his hands in his pants while his other hand was touching the victim's pubic region. When she entered the room, Jones heard her and jumped up, pulled his pants higher, and stepped away from the victim. Mother observed that the victim's underwear had been pulled to the side. Mother also testified that the child was five years old at the time of the incident. Jones did not testify, as is his right, but his counsel presented arguments that Mother could not have seen what she claims due to the

darkness in the room and that Mother had an ulterior motive in making the claims she did.

{¶6} Jones argues that the only evidence that supports the conviction is the testimony of Mother and her testimony is not credible. Jones is correct in that there was no physical evidence to support the verdict and the only witness to what occurred was Mother. Jones claims her testimony was not credible because the room was too dark for her to see clearly. This issue was raised before the jury and Mother was questioned about her ability to see. The deputy and the detective were also questioned about the lighting conditions of the scene and the ability to see in the room. Additionally, the jury was shown pictures of the scene with the lighting as it would have been at the time of the event. The jury was able to evaluate the testimony and was free to believe or disbelieve the testimony presented. *State v. Williams*, 2024-Ohio-2307, ¶ 27 (3d Dist.). "A verdict is not against the manifest weight of the evidence just because the jury chose to believe the state's witnesses rather than the defense's version of the events." *State v. Smith*, 2025-Ohio-5784, ¶ 36 (3d Dist.). The jury was able to see and hear Mother testify. The jurors were permitted to choose to believe the testimony of Mother over Jones' version of the events. The jurors choosing to do so does not indicate that they lost their way and that a manifest miscarriage of justice occurred. Additionally, the jury was able to determine that there was not enough evidence to support the aggravated burglary charge and found Jones not guilty of that count along with the lesser included

offense of trespass in a habitation. The record does not indicate that the jury was overwhelmed by emotion and clearly lost its way. Thus, this conviction was not against the manifest weight of the evidence.

{¶7} The jury also found Jones guilty of tampering with evidence in violation of R.C. 2921.12(A)(1), (B). To prove this count of the indictment, the State had to prove that Jones, knowing an official investigation was likely to be started, altered, destroyed, concealed, or removed a record with the intent to impair its value or availability as evidence. The basis of this charge was that Jones deleted some messages between Mother and him from his phone.[1] Detective Tyler Winkelman ("Winkelman") testified that he had obtained a warrant to search Jones' cell phone. Winkelman found Facebook Messenger messages between Jones and Mother. However, Winkelman did not find the messages that Mother had shown him on her phone. Winkelman testified that although the app showed that Jones and Mother had recently communicated, the messages themselves were deleted. Winkelman testified that prior to leaving Mother's home, he had obtained a screen shot of the messages from Mother's phone. Exhibit D-2 showed that approximately one hour after Jones had left the home, he messaged Mother the following statement: "Anothony denies waking the baby when he loud [and] was the only one being loud lol". This message may reasonably have been interpreted as Jones providing an

---

[1] We note that the messages, while deleted from Jones' phone were not deleted from Mother's phone and she provided the police with a screenshot of the message.

excuse for what Mother saw by claiming that he was trying to settle the victim after Mother's brother woke the victim by being too loud. The jury was free to accept the State's interpretation of the message rather than that presented by Jones. As such, we cannot say that the jury clearly lost its way or that this conviction was against the manifest weight of the evidence. The second assignment of error is overruled.

*Effective Assistance of Counsel*

{¶8} Jones argues in his first assignment of error that he was denied the effective assistance of counsel because counsel intentionally elicited highly prejudicial evidence.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . . When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 at page 289 (internal citations omitted). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test."

*State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

{¶9} At issue in this assignment of error is the fact that counsel raised the issue that there was male DNA evidence found inside the victim's underwear, although it was inconclusive as to whom it belonged, and let the jury know that the defendant had previously been accused of having inappropriate communications with a young girl. There is no doubt that counsel did as claimed by Jones. However, Jones admits in his brief that counsel was evidently doing so as a matter of trial strategy. Jones admits that his counsel may have raised the DNA issue to "highlight the fact that Jones was not identified as a contributor of the male DNA." *Appellant's Brief.* at 10. Similarly Jones admits that counsel was admitting to the prior allegation "to attack [Mother's] credibility by claiming that she was trying to get Jones' settlement money from suing the woman who made the prior allegation." *Id.* at 11. It appears from the record that these alleged errors were the trial strategy of defense counsel.

**{¶10}** "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). "Generally, the decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not a basis of a finding of ineffective assistance of counsel." *State v. Lemaster*, 2025-Ohio-5621, ¶ 83 (4th Dist.). "This applies even in cases where the trial strategy used was ultimately unsuccessful and where there was another possible and better trial strategy available." *State v. Blaylock*, 2021-Ohio-2631, ¶ 13 (12th Dist.). Although the strategy pursued by counsel in this case may not have been successful and other options may have been wiser, it was still a matter of trial strategy. Jones admits on appeal that there was some logic to the strategy. "As long as counsel makes a strategic decision 'after thorough investigation of law and facts relevant to plausible options,' the decision is 'virtually unchallengeable.'" *State v. Spaulding*, 2016-Ohio-8126, ¶ 176 quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984). As counsel's alleged errors were a matter of trial strategy, we do not find counsel was ineffective in his representation. The first assignment of error is overruled.

**{¶11}** Having found no error prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge

DATED:
/hls