[Cite as *State v. Ochier*, 2026-Ohio-1238.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ALLEN OCHIER,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-25

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 25-CR-0144

Judgment Affirmed

Date of Decision:  April 6, 2026

APPEARANCES:

    *Holly M. Simpson* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Allen Ochier ("Ochier") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding Ochier guilty of domestic violence and sentencing him to a prison term of 17 months. Ochier claims on appeal that the trial court erred by accepting the guilty verdict of the jury, not accepting his self-defense claim, and by imposing a sentence contrary to law. Ochier also claims that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 24, 2024, Ochier got into an argument with his mother ("the victim"). The argument escalated and the victim attempted to strike Ochier. Ochier struck the victim and knocked her to the ground. The victim subsequently called the police. The police questioned both parties and eventually arrested Ochier.

{¶3} On June 3, 2025, the Crawford County Grand Jury indicted Ochier on one count of domestic violence in violation of R.C. 2919.25(A), (D)(4), a felony of the third degree. Following a jury trial, the jury found Ochier guilty of domestic violence and also found that Ochier had previously pled guilty to domestic violence. The jury also found that the State had proven beyond a reasonable doubt that Ochier had not acted in self-defense. A sentencing hearing was held on September 3, 2025. The trial court sentenced Ochier to a prison term of 17 months. Ochier then

appealed from this judgment and raised the following assignments of error on appeal.

**First Assignment of Error**

**The trial court erred in issuing a sentence to Ochier that is contrary to law.**

**Second Assignment of Error**

**The trial court erred in convicting Ochier when the prosecution engaged in misconduct by calling Ochier a liar without any evidence of dishonesty.**

**Third Assignment of Error**

**The trial court erred in convicting Ochier of domestic violence when he established a valid claim of self-defense.**

**Fourth Assignment of Error**

**Ochier's counsel was ineffective which deprived Ochier of his sixth amendment right to counsel.**

In the interest of clarity, we will consider these arguments out of order.

*Self-Defense*

{¶4} In the third assignment of error, Ochier argues that the trial court erred by not finding he had established a valid claim of self-defense due to the victim attempting to strike him before he struck her. Ochier claims that the verdict was against the manifest weight of the evidence.

> When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts

in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." . . . A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. . . . Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given.

*State v. Hulbert*, 2021-Ohio-2298, ¶ 23 (3d Dist.) (internal citations removed).

**{¶5}** To establish a claim of self-defense, the defendant must introduce evidence showing the following:

(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*State v. Messenger*, 2022-Ohio-4562, ¶ 14. Once evidence is presented that tends to support a defendant's claim that he or she used force in self-defense, "the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense." R.C. 2901.05(B)(1). Thus, the burden of proof is on the State to show beyond a reasonable doubt that the defendant was not acting in self-defense. *In re G.F.*, 2024-Ohio-5366, ¶ 32 (3d Dist.).

**{¶6}** In this case, there was evidence submitted by Ochier that he acted in self-defense. Thus, the burden was on the State to prove beyond a reasonable doubt that Ochier did not act in self-defense. The trial court instructed the jury on self-defense, including that it was the State's burden to prove Ochier did not act in self-

defense. The jury then specifically found that the State proved beyond a reasonable doubt that Ochier did not act in self-defense. Evidence was presented by the victim that Ochier was the one who instigated the argument. The jury chose to believe this evidence. Viewing the evidence presented to the jury, this Court does not find that the jury clearly lost its way and created a manifest miscarriage of justice requiring a new trial. The third assignment of error is overruled.

### *Prosecutorial Misconduct*

{¶7} Ochier claims in his second assignment of error that the prosecutor engaged in misconduct by calling Ochier a liar during the closing argument. The State is given latitude during closing arguments to strike hard blows, but not to strike foul blows. *State v. Smith,* 14 Ohio St.3d 13, 14 (1984). "[P]rosecutors must be diligent in their efforts to stay within the boundaries of acceptable argument and must refrain from the desire to make outlandish remarks, misstate evidence, or confuse legal concepts." *State v. Fears*, 1999-Ohio-111. "[T]he test for determining whether prosecutorial misconduct has occurred is 'whether the conduct complained of deprived the defendant of a fair trial.'" *State v. Frankowski*, 2023-Ohio-110, ¶ 14 (9th Dist.) quoting *Fears*. When the alleged misconduct occurs during closing argument, the appellate court must review the entirety of the trial to determine whether the appellant was prejudiced. *Id*.

{¶8} Here, Ochier claims that the state engaged in misconduct by making the following statements during rebuttal.

> The State: I still don't know what [defense counsel's] saying that the facts were in this case, but it sounds like he's saying, "I'm going with what Allen told the cops. She ran into me." The best proof that is absolute lies is what happened to her. You all know this. [Defense Counsel] is doing what he can with the facts he can't get rid of. Now what [defense counsel] did say is "You heard Allen tell you . . ." Now, Defendant doesn't have any –
>
> Defense Counsel: Objection.

Tr. 131. The trial court then held an off the record discussion and sustained the objection. Although the objection was sustained, the trial court did not give the jury any instructions at that time to disregard what was objectionable.

{¶9} Although no instruction was given immediately, the trial court did provide guidance to the jury during the jury instructions.

> You, the jury are the sole judges of the facts in this case, as well as the credibility of the witnesses, and the weight to be given to the evidence. The evidence is the testimony received from the witnesses, the exhibits admitted during trial, and the facts which the court requires you to accept as true.
>
> . . .
>
> Now, the evidence does not include any statement of counsel made during the trial, unless that statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you, but they are not evidence. The opening and closing arguments that you have heard are provided by law only for the purpose of aiding the jury and its analysis of the evidence, giving the jury the benefit of such deductions and reasonable inferences made by counsel, as may logically appeal to the wisdom and judgment of the jury. Once again, these arguments are not evidence.
>
> Now, evidence also does not include statements that were stricken by the Court. . . . You must not speculate as to why an objection was

sustained, any question or the answer to such question might have been because these are questions of law that rest solely with the Court. You must never assume or speculate on the truth of any suggestion or insinuation, including a question put to a witness stand [sic] unless it was confirmed by the witness.

Tr. 134-36. A jury is presumed to have followed the instructions given to it by the trial court. *State v. Wolfe*, 2024-Ohio-4861 (3d Dist.). The record contains nothing to show that the jury did not follow the instructions of the trial court. Thus, there is no indication in the record that Ochier was prejudiced by the State's statement or that his trial was unfair. The second assignment of error is overruled

*Ineffective Assistance of Counsel*

{¶10} Ochier claims in his fourth assignment of error that he was denied the effective assistance of counsel because he did not object or request a limiting instruction regarding evidence of prior bad acts.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . . When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .

> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 at page 289 (internal citations omitted). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

**{¶11}** Here, Ochier claims his counsel was ineffective for failing to object to statements made by the victim regarding past arguments. Generally trial strategy, even one that is debatable, is not a basis for finding ineffective assistance of counsel. *State v. Gillespie*, 2021-Ohio-3650 (12th Dist.). "As long as counsel makes a strategic decision 'after thorough investigation of law and facts relevant to plausible option,' the decision is virtually unchallengeable." *State v. Spaulding*, 2016-Ohio-8126, ¶ 176 quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984). If the alleged errors are matters of trial strategy, the errors are not the basis for a finding that counsel was ineffective. *State v. Jones*, 2026-Ohio-302 (3d Dist.).

**{¶12}** A review of the record shows that during his closing argument, counsel for Ochier used the victim's statements about prior arguments to show that

the victim escalated the situation, not Ochier. The statements about which Ochier complains all dealt with how the victim and Ochier had previously engaged in arguments and they routinely escalated verbally. This time, the victim, who was offended by an insult stated by Ochier, chose to respond physically. Counsel was attempting to argue that the victim's response was the escalation of the argument into a phsycial confrontation, not the actions of Ochier. This was necessary to show that self-defense was applicable. As such, it was a matter of trial strategy and does not form the basis for a finding of ineffective assistance of counsel. The fourth assignment of error is overruled.

*Sentencing*

{¶13} Finally, Ochier argues in the first assignment of error that the sentence imposed by the trial court was contrary to law. His argument is that the trial court's finding regarding psychological harm to the victim is not supported by the record. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to

law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*, 2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

{¶14} Ochier was convicted of a felony of the fourth degree. The statutory range for this conviction is six to 18 months. R.C. 2929.14. The sentence imposed was 17 months, which is within the statutory range. The trial court specifically stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and the statutory factors under R.C. 2929.12. As we cannot review how the trial court uses the evidence before it when considering the statutory factors, we do not find the sentence contrary to law. The assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

Case No. 3-25-25

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/hls